## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF TEXAS

## MARSHALL DIVISION

| | |
|---|---|
| ALOFT MEDIA, LLC, § § Plaintiff, § § v. § § Civil Action No. 2:08-cv-99 NOKIA, INC., § NOKIA CORP., § JURY TRIAL DEMANDED MOTOROLA, INC., § PALM, INC., § RESEARCH IN MOTION, LTD., § RESEARCH IN MOTION § CORPORATION, § SONY ERICSSON MOBILE § COMMUNICATIONS AB, AND § SONY ERICSSON MOBILE § COMMUNICATIONS (USA) INC., § § Defendants. § | |

## **ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement in which Plaintiff Aloft Media, LLC ("Aloft Media") complains against Nokia, Inc. and Nokia Corporation (collectively "Nokia"), Motorola, Inc. ("Motorola"), Palm, Inc. ("Palm"), Research in Motion, Ltd. and Research in Motion Corporation (collectively "RIM"), and Sony Ericsson Mobile Communications AB and Sony Ericsson Mobile Communications (USA) Inc. (collectively "Sony Ericsson") (collectively "Defendants") as follows:

**PARTIES**

1.       Plaintiff Aloft Media is a Texas limited liability company with its principal place of business at 211 W. Tyler Street, Suite C-1, Longview, Texas 75601.

2.       On information and belief, Defendant Nokia Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 6000 Connection Drive, Irving, Texas 75039.  Nokia, Inc. may be served with process by serving its registered agent National Registered Agents, Inc. at 16055 Space Center, Suite 235, Houston, Texas 77062.

3.       On information and belief, Defendant Nokia Corp. is a foreign corporation organized and existing under the laws of Finland, with its principal place of business at Keilalahdentie 4, FIN-00045 Espoo, Finland.

4.       On information and belief, Defendant Motorola, Inc. ("Motorola") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in Schaumburg, Illinois.  Motorola may be served with process by serving its registered agent CT Corp. System at 208 LaSalle Street, Suite 814, Chicago, Illinois 60604.

5.       On information and belief, Defendant Palm, Inc. ("Palm") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 950 W. Maude Ave., Sunnyvale, California 94085.  Defendant Palm may be served with process by serving its registered agent Corporation Service Company d/b/a CSC - Lawyers Incorporating Service, P.O. Box 526036, Sacramento, California 95852.

6. On information and belief, Defendant Research In Motion Ltd. is a foreign corporation organized and existing under the laws of Canada, with its principal place of business at 295 Phillip Street, Waterloo, ON N2L 3W8, Canada.

7. On information and belief, Defendant Research in Motion Corporation is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 122 W. John Carpenter Pkwy., Ste. 430, Irving, Texas 75039. Defendant Research in Motion Corporation may be served with process by serving its registered agent, CT Corporation System at 350 North St. Paul St., Dallas, Texas 75201.

8. On information and belief, Defendant Sony Ericsson Mobile Communications AB is a corporation organized under the laws of the country of Sweden, with its principal place of business at Nya Vattentornet, Lund, Sweden SE-221 88.

9. On information and belief, Defendant Sony Ericsson Mobile Communications (USA) Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 7001 Development Drive, Research Triangle Park, North Carolina 27709. Defendant Sony Ericsson Mobile Communications (USA) Inc. may be served with process by serving its registered agent, National Registered Agents Inc. at 120 Penmarc Drive, Suite 118, Raleigh, North Carolina 27603.

**JURISDICTION AND VENUE**

10. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11.     Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).  On information and belief, each Defendant has transacted business in this district and has committed and/or induced and/or contributed to acts of patent infringement in this district.

12.     On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## PATENT INFRINGEMENT

13.     Aloft Media is the owner by assignment of United States Patent No. 7,330,715 ("the '715 patent") entitled "System, Method, and Computer Program Product for Transferring Contact Information Using a Cellular Phone."  The '715 patent issued on February 12, 2008.  A true and correct copy of the '715 patent is attached as Exhibit A.

14.     On information and belief, Nokia has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '715 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Nokia's infringements include, among other things, making, using, offering for sale, and/or selling phones having hardware and/or software for transferring contact information, including without limitation the Nokia Model N95, N93, N93i, N92, N91, N90, N81, N80, N77, N76, N73, N73 ME, N72, N71, N70, E90, E70, E65, E62, E61i, E61 and E51.  Nokia is thus liable for infringement of the '715 patent pursuant to 35 U.S.C. § 271.

15. On information and belief, Motorola has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '715 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Motorola's infringements include, among other things, making, using, offering for sale, and/or selling phones having hardware and/or software for transferring contact information, including without limitation the Motorola Model MOTO Q. Motorola is thus liable for infringement of the '715 patent pursuant to 35 U.S.C. § 271.

16. On information and belief, Palm has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '715 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Palm's infringements include, among other things, making, using, offering for sale, and/or selling phones having hardware and/or software for transferring contact information, including without limitation the Palm Model Treo 700p. Palm is thus liable for infringement of the '715 patent pursuant to 35 U.S.C. § 271.

17. On information and belief, RIM has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '715 patent in the State of Texas, in this judicial district, and elsewhere in the United States. RIM's infringements include, among other things, making, using, offering for sale, and/or selling phones having hardware and/or software for transferring contact information, including without limitation the BlackBerry 8820 and the BlackBerry Curve 8320. RIM is thus liable for infringement of the '715 patent pursuant to 35 U.S.C. § 271.

18. On information and belief, Sony Ericsson has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the

'715 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Sony Ericsson's infringements include, among other things, making, using, offering for sale, and/or selling phones having hardware and/or software for transferring contact information, including without limitation the Sony Ericsson W960 Smartphone.  Sony Ericsson is thus liable for infringement of the '715 patent pursuant to 35 U.S.C. § 271.

19. On information and belief, to the extent any marking was required by 35 U.S.C. § 287, such requirements have been complied with.

20. As a result of the Defendants' infringement of the '715 patent, Aloft Media has suffered monetary damages that are compensable under 35 U.S.C. § 284 adequate to compensate it for the infringement, but in no event less than a reasonable royalty, and will continue to suffer such monetary damages in the future unless Defendants' infringing activities are permanently enjoined by this Court.

21. Unless a permanent injunction is issued enjoining Defendants and their agents, servants, employees, attorneys, representatives, affiliates, and all other acting on their behalf from infringing the '715 patent, Aloft Media will be greatly and irreparably harmed.

22. This case presents exceptional circumstances within the meaning of 35 U.S.C. § 285 and Aloft Media is thus entitled to an award of its reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Aloft Media, LLC requests that this Court enter:

1. A judgment in favor of Aloft Media, LLC that Defendants have directly, and/or by way of inducing infringement by others, and/or contributing to the infringement by others of the '715 patent;

2. A permanent injunction, enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from such infringement of the '715 patent;

3. A judgment and order requiring Defendants to pay Aloft Media, LLC its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '715 patent as provided under 35 U.S.C. § 284;

4. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Aloft Media its reasonable attorneys' fees; and

5. Any and all other relief for which the Court may deem Aloft Media, LLC entitled.

## **DEMAND FOR JURY TRIAL**

Aloft Media, LLC, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully submitted,

/s/ Eric M. Albritton
Eric M. Albritton
Texas Bar No. 00790215
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397
ema@emafirm.com

Thomas John Ward, Jr.
Texas Bar No. 00794818
WARD & SMITH LAW FIRM
P.O. Box 1231
Longview, TX 75606-1231
Telephone: (903) 757-6400
Facsimile: (903) 757-2323
jw@jwfirm.com

Danny L. Williams
Texas State Bar No. 21518050
WILLIAMS, MORGAN &
AMERSON, P.C.
10333 Richmond, Suite 1100
Houston, Texas 77042
Telephone: (713)934-4060
Facsimile: (713) 934-7011
danny@wmalaw.com

ATTORNEYS FOR PLAINTIFF ALOFT MEDIA, LLC